IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | | |
|---|---|---|
| STANLEY CONTRACTING, INC., an Oregon Corporation; JIMMY A. STANLEY, an individual, | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 03-796-KI |
| vs. | ) ) | OPINION AND ORDER |
| CITY OF CARLTON, an Oregon Municipal Corporation, | ) ) ) | |
| Defendant. | ) ) | |

Joseph A. Yazbeck
Robert K. Lau
Yazbeck, Cloran & Hanson, LLC
1300 S.W. Fifth Avenue, Suite 2750
Portland, Oregon 97201-5617

    Attorneys for Stanley Contracting, Inc.
      and Jimmy A. Stanley

Page 1 - OPINION AND ORDER

Gary A. Rueter
John N. McKeegan
Haugeberg, Rueter, Gowell, Fredricks,
    Higgins & McKeegan, P.C.
620 N.E. 5th Street, (P.O. Box 480)
McMinnville, Oregon  97128

    Attorneys for City of Carlton

KING, Judge:

    After the jury returned its verdict awarding Stanley Contracting, Inc. ("Stanley") damages

of $2,839,819.16 for the City of Carlton's breach of contract, I asked the attorneys to brief three

remaining issues:  (1) recoupment based on the Judgment USF&G assigned to the City;

(2) whether the City's claim for liquidated damages is barred by its settlement with USF&G; and

(3) the partial payment's effect on Stanley's claim for indemnity.  My conclusions follow.

## DISCUSSION

I.    <u>Recoupment</u>

    "Recoupment is an equitable remedy that reduced, mitigates, or abates damages alleged

by the plaintiff.  Recoupment is confined to matters arising out of and connected with the

transaction upon which the action is brought."  <u>State of Oregon ex rel. Key West Retaining</u>

<u>Systems, Inc. v. Holm II, Inc.</u>, 185 Or. App. 182, 190, 59 P.3d 1280 (2002) internal quotation and

citation omitted).

    The City is the assignee of the USF&G Judgment, which has an unpaid principal balance

of $349,255.49.  The USF&G Judgment concerns the construction project at issue in the jury

trial.  Stanley's equitable argument is better handled in the indemnity question.  The USF&G

Judgment is valid on its face. Consequently, I conclude that the City is entitled to recoup the unsatisfied portion of the USF&G Judgment.

II.    <u>Liquidated Damages</u>

When the City settled with USF&G concerning USF&G's performance of the work on the project under the takeover agreement, the Settlement Agreement stated:

> 6. The City specifically reserves its rights to assert against Stanley any and all damages suffered by the City in connection with cost overruns, additional engineering fees and liquidated damages resulting from Stanley's performance or failure to perform its contract with the City and/or its termination from the Project. This Agreement shall not affect Stanley's rights to assert defenses to the City's claims or to make claims for damages allegedly suffered by Stanley resulting from its termination from the Project.

Carlton's Legal Mem. re Remaining Trial Issues app. at 2.

The jury awarded the City $32,500 in liquidated damages for Stanley's breach of contract.

Stanley contends that once USF&G stepped into the shoes of its principal, Stanley, USF&G was liable for Stanley's default under the terms of the bond and contract with the City, including for the delay liquidated damages. Since the obligation of Stanley and USF&G is coextensive, Stanley contends that it was released at the same time the City released USF&G in the Settlement Agreement.

The City argues that although a surety is released on the release of its principal, Stanley is arguing for the converse situation–that the principal is released on the release of the surety. The City contends that cases do not support the converse situation.

I do not find Stanley's cases to be persuasive. In <u>New Market Acquisitions, LTD. v. Powerhouse Gym</u>, 154 F. Supp.2d 1213 (S.D. Ohio 2001), the court relied on contract interpretation to hold that the guarantors had expressly agreed to remain liable for all damages

even if the principal was released from further obligations because of a settlement.  Id. at 1220.

The court also noted that if there was no contract controlling, under the common law a complete

discharge of the debtor's liability would also have operated as a complete discharge of the

guarantor's liability, even if the settlement expressly reserved the right to enforce all remedies

against the guarantor/surety.  Id. at 1222.  New Market did not address the situation before me

where the surety was released.

I also am not persuaded by the City's case, Schiffer v. United Grocers, Inc., 329 Or. 86,

989 P.2d 10 (1999), because it concerned a promissory note signed by all as principals, rather

than the release of a surety or guarantor.  Likewise, the City's cases discussing the liability of

principals and sureties for delay damages are not helpful because the rulings rest on the scope of

bonds issued under the Miller Act, which is not implicated here.  See United States ex rel.

Mobile Premix Concrete, Inc. v. Santa Fe Engineers, Inc., 515 F. Supp. 512 (D. Colo. 1981).

Finally, Stanley's case, Cates Construction, Inc. v. Talbot Partners, 980 P.2d 407, 413-15 (Cal.

1999), relies on the terms of the bond and construction contract to conclude that the surety could

be liable for delay damages.  It does not discuss the effect on the principal of the release of the

surety.

Stanley has cited no cases directly on point to support its argument.  Looking to a

different context, the release of an automobile insurer after it pays out the full amount of the

policy does not prevent the injured from suing the insured driver for any additional damages

suffered.

Accordingly, I conclude that the liquidated damages are not barred by the City's

settlement with USF&G.

Page 4 - OPINION AND ORDER

III.    Indemnity

USF&G obtained a Judgment against Stanley for $606,803.16, plus attorney fees, costs, and interest, which covered USF&G's expenses in finishing the project after the City terminated Stanley.  Jimmy Stanley paid approximately $82,000 towards the Judgment.  Stanley alleged an indemnity claim against the City for this amount based on Stanley's contention, which is now a jury finding, that the City breached the contract.

Stanley contends that it would be inequitable for the City to assert any right to a claim against Stanley when the Judgment was obtained due to the City's own wrongdoing.  Stanley also raises the issue of subrogation, arguing that USF&G was subrogated to all of Stanley's claims and defenses against the City, but declined to assert them.  According to Stanley, since USF&G was not liable to the City for the amount of the Judgment, neither is Stanley.

In a common law indemnity action, a plaintiff must prove that:  (1) it discharged a legal obligation owed to a third party; (2) defendant was also liable to the third party because of a duty common to that owed by plaintiff; and (3) as between plaintiff and defendant, the obligation ought to be discharged by defendant.  Moore Excavating, Inc. v. Consolidated Supply Co., 186 Or. App. 324, 328-29, 63 P.3d 592 (2003); Safeco Insurance Co. v. Russell, 170 Or. App. 636, 639-40, 13 P.3d 519 (2003).  To prove the third element, the plaintiff must show that it discharged the obligation owed to the third party "so as to extinguish both its own and defendants' liability."  Moore, 186 Or. App. at 329 (internal quotation omitted).

As a matter of law, Stanley's payment of approximately $82,000 discharged that portion of the liability of both Stanley and the City because USF&G cannot collect that amount twice. See Starr v. Heckathorne, 270 Or. 238, 240-41, 527 P.2d 401 (1974) (judgment creditor could

Page 5 - OPINION AND ORDER

not retain advance payments from one joint tortfeasor and collect entire judgment from another joint tortfeasor because a judgment creditor is entitled to only one satisfaction of the judgment). As between the City and Stanley, the jury's verdict established that the obligation ought to be discharged by the City.  I find that Stanley prevails on its indemnity claim for the amount of the approximate $82,000 payment.

## CONCLUSION

Stanley's Motion for Order of Satisfaction (#215) is denied.  I ask the parties to submit a proposed Judgment which takes into account these rulings and the stipulation made when I received the verdict that a lesser amount supported by the evidence should be substituted for the jury's finding on Question No. 2(a).  If the parties are not able to submit a proposed Judgment jointly, each should submit their version, along with a memorandum explaining their position on any disputes, by July 31, 2006.

IT IS SO ORDERED.

Dated this _____17th_____ day of July, 2006.


_/s/ Garr M. King_____
Garr M. King
United States District Judge

Page 6 - OPINION AND ORDER