IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | | |
|---|---|---|
| UNITES STATES FIDELITY AND GUARANTY COMPANY, | ) ) | |
| | ) | |
| Plaintiff, | ) ) | |
| vs. | ) | |
| STANLEY CONTRACTING, INC., an Oregon Corporation; JIMMY A. STANLEY, | ) ) ) | Civil Case No. 03-796-KI |
| | ) | OPINION AND ORDER |
| | ) ) | |
| Defendants. | ) ) | |
| ———————————————— | ) ) | |
| STANLEY CONTRACTING, INC., an Oregon Corporation; JAMES A. STANLEY, an individual, | ) ) ) ) | |
| Third-Party Plaintiffs, | ) ) | |
| vs. | ) ) | |
| CITY OF CARLTON, an Oregon Municipal Corporation, | ) ) ) | |
| Third-Party Defendant. | ) ) | |
| ———————————————— | ) | |

Page 1 - OPINION AND ORDER

Joseph A. Yazbeck
Robert K. Lau
Yazbeck, Cloran & Hanson, LLC
1300 S.W. Fifth Avenue, Suite 2750
Portland, Oregon  97201-5617

      Attorneys for Defendants
          Third-Party Plaintiffs

Gary A. Rueter
John N. McKeegan
Haugeberg, Rueter, et al.,
620 N.E. 5th Street (P.O. Box 480)
McMinnville, Oregon  97128

      Attorneys for Defendant City of Carlton


KING, Judge:

Before the court is City of Carlton's Renewed Motion for Judgment as a Matter of Law (#231), City of Carlton's Motion for New Trial (#233), Stanley Contracting, Inc.'s Motion for Attorney Fees (#229), and Stanley Contracting, Inc.'s Cost Bill (#230).

## DISCUSSION

I.    <u>Motion for Judgment as a Matter of Law</u>

A motion for judgment as a matter of law must be denied, and a jury's verdict must be upheld, if the verdict is supported by substantial evidence.  <u>Wallace v. City of San Diego</u>, 460 F.3d 1181, 1188 (9th Cir. 2006).  "Substantial evidence is evidence adequate to support the jury's conclusion, even if it is possible to draw a contrary conclusion from the same evidence."  <u>Id.</u>  The court must review the record as a whole but disregard all evidence favorable to the moving party that the jury is not required to believe.  All reasonable inferences must be drawn in favor of the

Page 2 - OPINION AND ORDER

nonmoving party. Moreover, the court may not substitute its view of the evidence for the jury's, may not make credibility determinations, and may not weigh the evidence. Id.; Johnson v. Paradise Valley Unified School District, 251 F.3d 1222, 1227 (9th Cir.), cert. denied, 534 U.S. 1035 (2001).

The City argues that it should be granted judgment as a matter of law for several reasons: (1) Stanley's claim for damages was a total cost claim that fails to fulfill the reasonable certainty standard for damages; (2) Stanley failed to prove the criteria used when evaluating total cost method claims in federal construction projects; (3) Stanley unfairly surprised the City with a quantum meruit theory and then failed to prove it; (4) Stanley failed to segregate costs due to its own delay as opposed to delay caused by the City and (5) Stanley failed to prove that the City's involvement contributed to delay on the project.

Quantum meruit is one type of recovery available to a contractor whose performance was made substantially more difficult by the other party's actions. City of Portland v. Hoffman Construction Co., 286 Or. 789, 798, 596 P.2d 1305 (1979). Based on evidence I consider substantial, the jury found that the City breached the contract with Stanley. However the parties characterize Stanley's expert's damages calculations, he provided a report and was deposed. Thus, I am not persuaded that the City was unfairly surprised by his damages theory. His testimony was sufficient evidence on which the jury could base its verdict, including his segregation of costs. Finally, there was substantial evidence for the jury to conclude that the City's involvement contributed to delay on the project. Once the City became involved in the administration of the payments to Filtronics, as was proven here, the jury could conclude that Stanley lost its leverage with its subcontractor and delays resulted from that.

Page 3 - OPINION AND ORDER

Accordingly, I deny the motion for judgment as a matter of law.

II.    Motion for New Trial

Even if a verdict is supported by substantial evidence, the court may grant a motion for a new trial if it concludes that the verdict is contrary to the clear weight of the evidence, is based on evidence which is false, or to prevent a miscarriage of justice. Silver Sage Partners v. City of Desert Hot Springs, 251 F.3d 814, 819 (9th Cir. 2001). The court may weigh the evidence, may evaluate the credibility of the witnesses, and is not required to view the evidence from the perspective most favorable to the prevailing party. United States v. Kellington, 217 F.3d 1084, 1095 (9th Cir. 2000).

The City first argues that the jury verdict is against the great weight of the evidence. It works from trial Ex. 96A, used by Stanley's damages expert witness. The City contends that the evidence only supports a net judgment of $446,821 instead of $1,617,391. The City disputes several line items on Ex. 96A, particularly that small tools were billed to and paid by Carlton as direct job costs; overhead and profit was limited by the contract to 15%; and revenues paid were undercounted.

The damages calculation in this case was extremely complicated, making the jury's task a difficult one. Stanley's expert testified in support of Ex. 96A. The City cross-examined him thoroughly and also provided its theories through the City's own expert. The jury chose to believe Stanley's expert and award the amounts he discussed. I cannot say that it is against the great weight of the evidence for them to do so or that it is a miscarriage of justice. Thus, I do not grant a new trial on this basis.

The City then contends that eight of the jury instructions were erroneous.  The City's objections are all in the nature of additional material it sought to have added to each instruction as stated by the court.

"Jury instructions must fairly and adequately cover the issues presented, must correctly state the law, and must not be misleading.  Prejudicial error results from jury instructions that, when viewed as a whole, fail to fairly and correctly cover the substance of the applicable law." White v. Ford Motor Co., 312 F.3d 998, 1012 (9th Cir. 2002), amended on other grounds, 335 F.3d 833 (2003).

One of my goals when writing jury instructions is to keep them as short as possible to try to lessen the jury's confusion.  One way I do this is to draft a brief explanation of the law and tell the parties to use the closing argument to explain to the jury how the instructions apply to the facts presented.  After reviewing the City's objections, I conclude that they are in the nature of requesting that argument be added to the instructions.

For example, Instruction No. 20 stated:

> Damages for delay may only be awarded if the party seeking the damages proves that the delay was solely due to the fault of the other party because of a cause within that party's control.

The City argues that this instruction is deficient because it does not address the law of concurrent delay.  The City contends that my failure to instruct its additional paragraph, which is approximately four times longer than the instruction given, is error.  If there is concurrent delay, however, the delay is not solely due to the fault of the other party.  I believe the instruction, as given, is adequate.  The City's requested language is the type of material I expect to be argued in closing.

Page 5 - OPINION AND ORDER

In summary, I find that the instructions fairly cover the issues presented, correctly state the law, and are not misleading.  I deny the motion for a new trial on this basis.

III.     Attorney Fees

Stanley seeks to recover 669.7 hours spent in prosecuting its claims against the City and 107.0 hours spent in defending Stanley against the claims brought by USF&G.  Stanley also contends that it should receive an upward adjustment of twenty percent.  Stanley notes that the City made an offer of judgment in the amount of $450,000 in the form of a complete satisfaction of USF&G's judgment, which Stanley characterizes as an offer not to compensate Stanley at all. Based on the size of the jury verdict and net judgment, Stanley contends that this was a rare and exceptional case that justifies the upward adjustment for the fees incurred against the City.  The total award sought by Stanley is $227,617.17.

For reasons detailed below, the City contends that Stanley should be awarded fees of $113,321.60.  This is calculated using the hours incurred against the City only, billed at the hourly rates used in Stanley's exhibit detailing time incurred against USF&G, reduced by an additional 20 percent.

In addressing a petition for attorney fees, the court must first determine the lodestar amount by multiplying the number of hours reasonably spent on the litigation by a reasonable hourly rate.  Morales v. City of San Rafael, 96 F.3d 359, 363 (9th Cir. 1996), amended on other grounds, 108 F.3d 981 (1997).  In calculating the lodestar amount, the court should consider the factors specified in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67 (9th Cir. 1975), cert. denied, 425 U.S. 951 (1976), that are subsumed in that calculation.  Id. at 364 n.9.  The factors are:

(1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent,[1] (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

Id. at 363 n.8.

The factors subsumed in the lodestar calculation, and thus to be considered in determining the number of reasonable hours and the reasonable hourly rate, are: the novelty and complexity of the issues, the special skill and experience of counsel, the quality of the representation, and the results obtained. Id. at 364 n.9. Next, the court must consider the necessity of adjusting the lodestar amount based on the Kerr factors that are not subsumed within the initial lodestar calculation. Id. at 363-64. There is a strong presumption, however, that the lodestar amount is a reasonable fee. Nevertheless, in rare cases, this strong presumption may be rebutted through the application of those factors not subsumed in the lodestar calculation. Id. at 364 n.8. Upward adjustments of the lodestar amount are proper only in "rare and exceptional cases, supported by both specific evidence on the record and detailed findings by the lower courts." Pennsylvania v. Delaware Valley Citizen's Council for Clean Air, 478 U.S. 546, 565, 106 S. Ct. 3088 (1986) (internal quotations omitted).

---

[1] Although "whether the fee is fixed or contingent" is listed as a factor, the Supreme Court subsequently held that enhancing a fee award on account of contingency is improper. See City of Burlington v. Dague, 505 U.S. 557 (1992); Davis v. City and County of San Francisco, 976 F.2d 1536, 1549 (9th Cir. 1992), vacated in part on other grounds, 984 F.2d 345 (9th Cir. 1993).

The City first objects to the attorneys' hourly rates.  Stanley calculated the rates by taking the Oregon State Bar 2002 Economic Survey hourly rates, adjusted for inflation, at the 75th percentile for Portland attorneys with the equivalent years of practice as the three primary attorneys working on this case.  Stanley contends that the 75th percentile rate is reasonable, rather than the average or median rates, because of the attorneys' experience with construction law, surety law, and government contracts.  The calculated hourly rates are $305.25 for Yazbeck, $243.09 for Lau, and $205.35 for McNamee.  After the 20% upward adjustment, the hourly rates are $366.30 for Yazbeck, $291.708 for Lau, and $246.42 for McNamee.  The City compares these rates to the respective rates of $250, $200, and $155 used when calculating the fees incurred in defending against USF&G and contends that the lower rates are reasonable.  The City also contends that this case is not a rare and exceptional one supporting the 20% upward enhancement.  It notes its efforts at mediation after the Offer of Judgment.

I agree that this is not a rare and exceptional case for which a 20% upward adjustment is warranted.  I have no qualms, however, in using a 75th percentile rate because the issues, and particularly the damages, were complicated.  I also agree that it is appropriate to adjust the rate to account for inflation.  Consequently, I will use the hourly rates of $305.25 for Yazbeck, $243.09 for Lau, and $205.35 for McNamee.

To justify an award of the $21,416 in fees incurred in defending itself against USF&G, Stanley notes that I awarded Stanley $82,000 against the City on Stanley's indemnity claim, after noting that as between the City and Stanley, the verdict established that the obligation should be discharged by the City.  Stanley argues that were it not for the City's breach, Stanley would not have expended attorney fees in defending itself against USF&G.

Page 8 - OPINION AND ORDER

The City objects to an award of fees incurred in defending against USF&G because the claim is not an action commenced on the contract with Carlton, which provides the basis for the award of fees against the City. The City also contends that these fees should have been introduced as an element of damages in the trial of this matter, and notes that Stanley stipulated that it was entitled to indemnity in the amount of $82,000.

I agree that the fees for defense from USF&G's claim might have been appropriate damages which the jury could have been asked to award against the City, but I decline to award them as attorney fees pursuant to the contract.

Carlton contends that the fees should be reduced for unsuccessful claims. Carlton notes the following: (1) Stanley filed a Counterclaim against Carlton which was dismissed after the court concluded that a counterclaim was not a procedurally correct way to bring Stanley's claims; (2) the City was granted summary judgment dismissing Jimmy Stanley's individual claims, on the "sole source" issue, and on the breach of the covenant of good faith and fair dealing claim; (3) Stanley dropped its claim for Eichleay damages; (4) Carlton was awarded liquidated damages after Stanley's motion for judgment as a matter of law against the damages was denied; (5) Stanley's repeated requests for indemnity based on the entire USF&G judgment were denied; and (6) the court entered a judgment nearly $1 million less than the amount Stanley contended should be awarded during post-trial proceedings.

A reduction of the lodestar fee may be justified when the plaintiff fails to obtain relief on all claims, and if hours spent on unsuccessful claims were not needed to pursue successful claims. Quesada v. Thomason, 850 F.2d 537, 539 (9th Cir. 1988). In Gates v. Deukmejian, 987 F.2d 1392, 1404 (9th Cir. 1992), the court explained:

Page 9 - OPINION AND ORDER

The district court first asks if the plaintiff did not prevail on claims that were unrelated to those on which he succeeded and excludes any fees associated with those unsuccessful claims.  Second, the court makes further reductions when plaintiffs' success on any remaining interrelated unsuccessful and successful claims was limited.

To exclude the hours spent litigating unsuccessful claims, a court can identify specific hours to eliminate or simply reduce the award to account for the limited success.  Mathematical formulas or percentages may be used.  Schwarz v. Secretary of Health & Human Services, 73 F.3d 895, 904-05 (9th Cir. 1995).

To determine fees in cases of partial success, . . ., [a] court must consider (1) whether the plaintiff fail[ed] to prevail on claims that were unrelated to the claims on which he succeeded, and (2) whether the plaintiff achiev[ed] a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award.

The first step requires the district court to determine whether the successful and unsuccessful claims were unrelated.  [C]laims are *unrelated* if the successful and unsuccessful claims are distinctly different *both* legally *and* factually; claims are related, however, if they involve a common core of facts *or* are based on related legal theories.  At bottom, the focus is on whether the unsuccessful and successful claims arose out of the same course of conduct.  If they did not, the hours expended on the unsuccessful claims should not be included in the fee award.

If, however, the unsuccessful and successful claims are related, then the court must apply the second part of the analysis, in which the court evaluates the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation.  Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee.  When a plaintiff has achieved only partial or limited success, [however,] the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount.  Nonetheless, a plaintiff does not need to receive all the relief requested in order to show excellent results warranting the fully compensatory fee.

Dang v. Cross, 422 F.3d 800, 812-13 (9th Cir. 2005) (internal quotations and citations omitted; emphasis in the original) (award under 42 U.S.C. § 1988 in a civil rights case).

Page 10 - OPINION AND ORDER

Overall, Stanley was highly successful in this action.  Although one tort claim was dismissed, as well as Jimmy Stanley's individual claims, they were related to the successful claims.  The case did take overly long to litigate, however, and there was time spent which could have been put to better use, such as the filing of the counterclaim.  Taking this all into account, I will reduce the award by twenty percent.

The City objects to what it considers block billing, pointing to time entries that list more than one task for the time billed (see August 15, 2005 entries for 3.2 and 3.7 hours).  The City contends that with the tasks billed as one, the court cannot determine if a reasonable amount of time was spent on each task.  The City also objects to time billed for ministerial tasks, such as 2.5 hours billed on August 19, 2004 for "Locate court reporter for the Olympia area; prepare subpoena for deposition; locate process server; telephone conference with Mr. Stanley regarding his availability for deposition."  Yazbeck Decl. Ex. a at 4.

I have reviewed the time entries and conclude that no additional reduction is necessary.

That leaves us with:

| | | |
|---|---|---|
| Yazbeck | $305.35 | 317.6 hours |
| Lau | $243.09 | 170.7 hours |
| McNamee | $205.35 | 130.8 hours |

This totals to $165,334.40.  Minus the 20% discount, the fees are $132,267.52.

Additional time keepers incurred $7,838.00 in fees.  The total award is $140,105.52.

Page 11 - OPINION AND ORDER

IV.    <u>Cost Bill</u>

The City does not object to Stanley's request for costs of $5,513.90.  I award the entire

amount.

**CONCLUSION**

City of Carlton's Renewed Motion for Judgment as a Matter of Law (#231) and City of

Carlton's Motion for New Trial (#233) are denied.  Stanley Contracting, Inc.'s Motion for

Attorney Fees (#229) is granted in the amount of $140,105.52.  Stanley Contracting, Inc.'s Cost

Bill (#230) is granted in the amount of $5,513.90

IT IS SO ORDERED.

Dated this _____26th_____ day of January, 2007.


_____/s/ Garr M. King_____
Garr M. King
United States District Judge